HARRY R. FALLERS et al., Appellants, v. ALMA E. LATIMER et al., Appellees; SHENANDOAH NATIONAL BANK of Shenandoah, Appellant.

No. 42181.

December 12, 1933.

Wilson & Wilson, for appellants.

Tinley, Mitchell, Ross & Everest, for appellees.

Evans, J.—The land under partition was owned jointly in equal parts by two brothers and three sisters. It came to them under the will of their father, who died in 1924. The Shenandoah National Bank succeeded to the interest of Alma E. Latimer, one of the sisters. Throughout the partition proceeding the brothers and sisters have dealt with each other at arm's length. The plaintiff instituted the proceeding in July, 1931. It went to decree in November. A referee's sale was held in February, 1932. The main property consisted of a fine farm of 160 acres, which had been worth approximately $200 per acre in time past. It was appraised for the purpose of the sale at $150 per acre. At the referee's sale, the highest bid was a lump sum of $16,000. This bid included both the 160-acre farm and a 40-acre tract of small value. The bid was approximately equivalent to $90 per acre for the 160-acre farm. Upon the filing of the report of the referee, the plaintiff filed objections to the bid on the ground of inadequacy and the objections were sustained. A new order was entered requiring the referee to proceed with a second sale. The second sale was had in October, 1932. The defendant Walter H. Fallers and his two sisters, defendants, joined in the bidding at the sale. Their highest bid was $69.50 per acre for the quarter section. The referee prolonged the sale in an effort to get a higher bid, but without avail. He reported the bid to the

court without recommendation. The plaintiff again filed objections to the bid as inadequate. The bidding defendants asked that the bid be approved. At the hearing the plaintiff introduced evidence to the effect that at the time of the last sale the property ought not to have brought less than $100 an acre. A hearing was had in February, 1933. No claim was made that any other bidder had been found, who would raise the bid. Neither of the appellants at any time expressed a wish to increase the bid. They were both present at the referee's sale. The inadequacy of the price bid was not sufficient to induce either of them to place a larger bid. The substance of the argument for the appellant is that the period of depression through which the country is passing, renders it impossible to make a sale of the land for an adequate price. This contention is doubtless correct. And yet the court has no control over it. The method of equity in obtaining fair value in a referee's sale is to provide a fair opportunity for all parties to bid thereon. The rejection of the bid at the first sale, and the ordering of a new sale proved quite disastrous. A third effort might add further disaster. The controversy thus raised between the parties appeals solely to the discretion of the court. Whether the third attempt would prove better than the previous attempts would involve a mere guess on the part of the court in the light of the evidence. Even so, it doubtless had a discretion to make the guess. The controversy presented is governed by no rule of law. If we were disposed to overrule the discretion, exercised by the trial judge, we could only put our guess against his, not on a question of right, but on one of expediency. No affirmative reason is disclosed in the record that would justify our interference with the discretion already exercised below.

True the bid presented for the consideration of the court was not an accomplished sale. The court had power to reject it. If the objectors had procured another bidder with a substantially better bid, or if the proposed sale involved the rights of minors or of other persons under disability, or if a majority of the persons in interest had joined in the objections,—a somewhat different question would be presented in either case. None of these contingencies are present here. We discover in the record no proper ground to justify our interference with the discretion exercised by the district court.

Its order must therefore be affirmed.

ALBERT, C. J., and KINDIG, CLAUSSEN, and DONEGAN, JJ., concur.